**3**

**Winthrop K. HOWE, Appellant, v. Thomas E. CLARK and Mark H. Hovey, Appellees.**

**Winthrop K. HOWE, Appellant, v. Thomas E. CLARK and Mark H. Hovey, Appellees.**

(Court of Appeals of District of Columbia. Submitted November 16, 1925. Decided December 7, 1925.)

Patent Appeals Nos. 1777, 1776.

L. K. Sager, of New York City, for appellant.

E. N. Pagelsen, of Detroit, Mich., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal No. 1777 is from concurrent decisions of the Patent Office in an interference proceeding awarding priority to the joint applicants, Clark and Hovey. The invention covers a train control system intended to keep the speed of the train within certain limits, depending upon the condition of the track in advance, and also to indicate such track conditions to the engineer. The invention is defined in the counts in general and broad terms.

Clark and Hovey took testimony, but Howe did not and therefore is restricted to his filing date of February 10, 1915. Each of the three tribunals below, after an analysis of the testimony, ruled that Clark and Hovey had established conception in the fall of 1914, and that this conception was followed by due diligence. An examination of the evidence upon which these findings were based convinces us of the correctness of the conclusions reached. The witnesses were men of character and a high order of intelligence, and there is no apparent reason why their

consistent and uncontradicted testimony should not be accepted at its face value.

The Board of Examiners in Chief and the Assistant Commissioner also directed attention to the fact that Mr. Hovey's testimony tended to show a disclosure by him to Mr. Howe some time prior to the filing of the Howe application, and that this testimony had not been met. On this point, the Assistant Commissioner said: "The Examiners in Chief gave as an additional reason for awarding priority to the junior party the failure of Howe to take the stand and deny that he derived the invention from Hovey, in view of Hovey's testimony that he disclosed the invention to Howe and his associates in January, 1915. This holding is deemed sound."

For the reasons more fully stated in the opinions to which we have referred, the decision is affirmed in appeal No. 1777.

In appeal no 1776, involving the same record and the same general subject-matter, the decision also is affirmed, for the reasons stated in appeal No. 1777.

Affirmed in No. 1777.
Affirmed in No. 1776.